1   RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General
2   Tax Division

3   STEVEN C. WOODLIFF (Fl. Bar No. 85593)
    ROBERT S. SILVERBLATT (Va. Bar. No. 85506)
4   Trial Attorneys, Tax Division
        P.O. Box 14198
5       Ben Franklin Station
        Washington, D.C. 20044
6       Telephone: (202) 307-6560
        Fax: (202) 514-9868
7       E-mail: Steven.C.Woodliff@usdoj.gov
        E-mail: Robert.S.Silverblatt@usdoj.gov
8

9   Attorneys for the United States



ORIGINAL

10              THE UNITED STATES DISTRICT COURT FOR THE
11                     CENTRAL DISTRICT OF CALIFORNIA

12

13  IN THE MATTER OF THE TAX LIABILITIES
14  OF:

15  JOHN DOES, United States taxpayers who, at any       Case No.
16  time during the years ended December 31, 2012,
17  through December 31, 2017, used the services of       CV18-8003 CAS
    the Wessell Group or its predecessors, subsidiaries,            (Ex)
18  divisions, affiliates, or website domains
19  (collectively, the "Wessell Group") to establish,    UNITED STATES'
    maintain, operate, or control: any foreign financial MOTION TO SEAL
20  account or other asset; any foreign corporation,
    company, trust, foundation, or other legal entity; or
21  any foreign or domestic financial account or other
22  asset in the name of a foreign entity.



23

24

25      The United States moves, pursuant to Local Rule 79-5.2.1(a)(ii), for an order

26  temporarily sealing this *ex parte* proceeding. If the Court authorizes service of the John

27  Doe summons, the United States will move to unseal the proceedings as soon as the

28

                                            1

1  RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General
2  Tax Division

3  STEVEN C. WOODLIFF (Fl. Bar No. 85593)
   ROBERT S. SILVERBLATT (Va. Bar. No. 85506)
4  Trial Attorneys, Tax Division
        P.O. Box 14198
5       Ben Franklin Station
        Washington, D.C. 20044
6       Telephone: (202) 307-6560
        Fax: (202) 514-9868
7       E-mail: Steven.C.Woodliff@usdoj.gov
        E-mail: Robert.S.Silverblatt@usdoj.gov
8

9  Attorneys for the United States



FILED
CLERK, U.S. DISTRICT COURT

SEP 2 0 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

ORIGINAL

10        THE UNITED STATES DISTRICT COURT FOR THE
11              CENTRAL DISTRICT OF CALIFORNIA

12

13  ------------------------------------------------
14  IN THE MATTER OF THE TAX LIABILITIES
    OF:
15
16  JOHN DOES, United States taxpayers who, at any
    time during the years ended December 31, 2012,
17  through December 31, 2017, used the services of
    the Wessell Group or its predecessors, subsidiaries,
18  divisions, affiliates, or website domains
    (collectively, the "Wessell Group") to establish,
19  maintain, operate, or control: any foreign financial
    account or other asset; any foreign corporation,
20  company, trust, foundation, or other legal entity; or
    any foreign or domestic financial account or other
21  asset in the name of a foreign entity.
22
23  ------------------------------------------------
24

CV18-8003 CAS (Ex)

Case No.

UNITED STATES'
MOTION TO SEAL



LODGED
CLERK, U.S. DISTRICT COURT

SEP 11 2018

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

25      The United States moves, pursuant to Local Rule 79-5.2.1(a)(ii), for an order

26  temporarily sealing this *ex parte* proceeding. If the Court authorizes service of the John

27  Doe summons, the United States will move to unseal the proceedings as soon as the

28

1

summons is served. Along with this motion, the United States is submitting a declaration from IRS Senior Revenue Agent Karen Cincotta and a proposed order.

This Court can seal proceedings for demonstrated compelling reasons why the strong presumption of public access in civil cases should be overcome. L.R. 79-5.2.1(a)(ii). To overcome this presumption, a party must present specific factual findings supporting the compelling reason to seal a judicial record. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Compelling reasons exist when 'court files might have become a vehicle for improper purposes.'" *McCrary v. Elations Co., LLC*, 2014 WL 1779243, at *3 (C.D. Cal. Jan. 13, 2014) (quoting *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012)). Here, there is a compelling reason to temporarily seal this case because sealing would help minimize the risk of a proposed summons recipient (specifically Kevin Wessell) transferring or destroying responsive records prior to service.

In particular, although Mr. Wessell is not a proposed summons recipient in this jurisdiction, the United States is simultaneously filing petitions seeking approval to issue John Doe summonses in this Court, the Southern District of Florida, and the Southern District of New York. The litigation in all three jurisdictions has the common goal of discovering the Wessell Group's customer base. Mr. Wessell is one of the proposed summons recipients in the Southern District of Florida. The United States is also seeking authorization to file the Florida and New York actions under seal. Failure to seal this action could result in proposed recipients in other jurisdictions receiving advance notice.

2

There are two specific factual findings that support the United States' request. First, the United States is concerned about spoliation in part because this Court has found in a previous case that Mr. Wessell gave deposition testimony that "was the most evasive the Court has experienced in thirty-three years" and that Mr. Wessell "also consistently was evasive, or simply lied, at trial." *Alexander v. Incway Corp.*, No. CV-11-8851-DSF-VBKX, 2013 WL 5603932, at *11 (C.D. Cal. Oct. 11, 2013), *rev'd in part on other grounds*, 633 F. App'x 472 (9th Cir. 2016). Second, there is also evidence that Mr. Wessell previously directed the spoliation of evidence. *See* Cincotta Decl. ¶ 2.

Once a party has demonstrated a compelling reason to seal a judicial record, "the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret.'" *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Here, the competing interests are minimal. The duration of the requested sealing is extremely brief—only the period in between filing this action and serving the summons—and occurs during a timeframe when the proceedings are, by statute, *ex parte*. *See* 26 U.S.C. § 7609(h). The right to challenge enforcement of the summons does not accrue until it is served, and at that time the United States will promptly move to unseal the proceedings. As a result, any challenges to the summons would occur on the public record, and any challengers (along with the general public) would have the ability at that time to inspect the pleadings that led to the approval of the summons.

When the Court seals a judicial record, it must "base its decision on a compelling

3

1    reason and articulate the factual basis for its ruling, without relying on hypothesis or

2    conjecture." *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad*, 49 F.3d at 1434). A

3

4    proposed order articulating the factual basis for granting this motion to temporarily seal

5    these *ex parte* proceedings is attached.

6    Dated: September 10, 2018                      Respectfully submitted,

7

8                                                   RICHARD E. ZUCKERMAN
                                                    Principal Deputy Assistant Attorney
9                                                   General

10

11                                                  STEVEN C. WOODLIFF
12                                                  ROBERT S. SILVERBLATT

13                                                  Attorneys for the United States

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1
2
3

THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

---

IN THE MATTER OF THE TAX LIABILITIES OF:

JOHN DOES, United States taxpayers who, at any time during the years ended December 31, 2012, through December 31, 2017, used the services of the Wessell Group or its predecessors, subsidiaries, divisions, affiliates, or website domains (collectively, the "Wessell Group") to establish, maintain, operate, or control: any foreign financial account or other asset; any foreign corporation, company, trust, foundation, or other legal entity; or any foreign or domestic financial account or other asset in the name of a foreign entity.

Case No.

**DECLARATION OF KAREN CINCOTTA**

---

4       I, Karen Cincotta, pursuant to 28 U.S.C. § 1746, declare and state:

5       1.      I am a duly commissioned Internal Revenue Agent ("Revenue Agent") assigned

6    as a Senior Revenue Agent in the Offshore Compliance Initiatives Program of the Internal

7    Revenue Service.  I am assigned to a compliance initiative to investigate United States taxpayers

8    who have used the services of the Wessell Group between 2012 and 2017 to obscure their

9    interests in foreign assets.

10      2.      In connection with this investigation, I have learned that Kevin Wessell directed

11   the spoliation of evidence to avoid producing documents in then-pending litigation. Based on this

12   discovery, I am concerned that Mr. Wessell might direct the spoliation of records if these

13   proceedings are not sealed until the summonses are served.

- 1 -

1          I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true

2    and correct.

3    Executed this __5__ day of __July__ 2018.

4

5

6

7    _Karen Cincotta_
8    KAREN CINCOTTA
9    Internal Revenue Agent
10   Internal Revenue Service